**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
jbendavid@bendavidfirm.com
**CHRISOTPHER HANLEY, ESQ.**
Nevada Bar No. 11391
chanley@bendavidfirm.com
**JACQUELINE VOKOUN, ESQ.**
Nevada Bar No. 16400
jvokoun@bendavidfirm.com
**BENDAVID LAW**
7301 Peak Drive, Suite 150
Las Vegas, Nevada 89128
(702) 385-6114
jbendavid@bendavidfirm.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LENNORIS GURLEY, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>FORMAN AUTOMOTIVE, INC.<br><br>Defendants. | Case No. 2:25-CV-013851-MMD-NJK<br><br>**DEFENDANT FORMAN AUTOMOTIVE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Comes now, Defendant FORMAN AUTOMOTIVE, INC. ("Defendant") by and through their attorney of record, Jeffery A. Bendavid, Esq., Christopher Hanley, Esq. and Jacqueline Vokoun, Esq. of BENDAVID LAW, and hereby submit an Answer to Plaintiff's Complaint.

## **CLASS ACTION COMPLAINT**

1. As to Paragraph 1of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

## NATURE OF THE ACTION

2. As to Paragraph 2 of Plaintiff's Complaint, Defendant hereby states Paragraph 2 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

3. As to Paragraph 3 of Plaintiff's Complaint on file herein, Defendant hereby admits the allegations contained therein.

4. As to Paragraph 4 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein

5. As to Paragraph 5 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

## JURISDICTION AND VENUE

6. As to Paragraph 6 of Plaintiff's Complaint, Defendant hereby states Paragraph 6 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

7. As to Paragraph 7 of Plaintiff's Complaint, Defendant hereby states Paragraph 7 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

## PARTIES

8. As to Paragraph 8 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

9. As to Paragraph 9 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10. As to Paragraph 10 of Plaintiff's Complaint on file herein, Defendant hereby admits the allegations contained therein.

11. As to Paragraph 11 of Plaintiff's Complaint, Defendant admits

"Defendant directs, markets and provides its business activities." As to the remaining allegations in Paragraph 11, Defendant denies the allegations contained therein.

12. As to Paragraph 12 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

## FACTUAL ALLEGATIONS

13. As to Paragraph 13 of Plaintiff's Complaint on file herein, Defendant hereby admits the allegations contained therein.

14. As to Paragraph 14 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

15. As to Paragraph 15 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

16. As to Paragraph 16 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

17. As to Paragraph 17 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

18. As to Paragraph 18 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

19. As to Paragraph 19 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

20. As to Paragraph 20 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

21. As to Paragraph 21 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

22. As to Paragraph 22 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

23. As to Paragraph 23 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

24. As to Paragraph 24 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

25. As to Paragraph 25 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

26. As to Paragraph 26 of Plaintiff's Complaint, Defendant hereby states Paragraph 26 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

27. As to Paragraph 27 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

28. As to Paragraph 28 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

29. As to Paragraph 29 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

**CLASS ALLEGATIONS**

30. As to Paragraph 30 of Plaintiff's Complaint, Defendant hereby states Paragraph 30 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein

31. As to Paragraph 31 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

32. As to Paragraph 32 of Plaintiff's Complaint on file herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

### Numerosity

33. As to Paragraph 33 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

34. As to Paragraph 34 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

### Common Questions of Law and Fact

35. As to Paragraph 35 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

36. As to Paragraph 36 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

### Typicality

37. As to Paragraph 37 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

### Protecting the Interests of the Class Members

38. As to Paragraph 38 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

### Proceeding Via Class Actions in Superior and Advisable

39. As to Paragraph 39 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

40. As to Paragraph 40 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

41. As to Paragraph 41 of Plaintiff's Complaint on file herein, Defendant hereby repeat and re-allege their prior responses to Plaintiff's Complaint in Paragraphs 1 through 41.

42. As to Paragraph 42 of Plaintiff's Complaint, Defendant hereby states Paragraph 42 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

43. As to Paragraph 43 of Plaintiff's Complaint, Defendant hereby states Paragraph 43 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

44. As to Paragraph 44 of Plaintiff's Complaint, Defendant hereby states Paragraph 44 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

45. As to Paragraph 45 of Plaintiff's Complaint, Defendant hereby states Paragraph 45 states a legal conclusion that does not require a response. Defendant denies the remaining allegations contained therein.

46. As to Paragraph 46 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

47. As to Paragraph 47 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

48. As to Paragraph 48 of Plaintiff's Complaint on file herein, Defendant hereby denies the allegations contained therein.

// // //

// // //

// // //

**Bendavid**Law
702.385.6114
7301 Peak Drive, Suite 150
Las Vegas, Nevada 89128

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Complaint, Defendant raises the following affirmative defenses. Defendant reserves all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. Defendant reserves the right to amend or supplement their affirmative defenses. In raising these affirmative defenses, Defendant does not admit any of Plaintiff's allegations nor does it assume any burden of proof that it would not otherwise bear.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring his claims asserted in this lawsuit against the Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Defendant denies the allegations of Plaintiff's Complaint and demand strict proof thereof.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant pleads the applicable statute of limitation to each of Plaintiff's claims.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Estoppel and Waiver.

// // //

// // //

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff and/or others alleged to be members of the putative class have sustained no cognizable injury or damages.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and/or others alleged to be putative class members fail to the extent they consented to receive the alleged text messages at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant's actions were justified and Defendant's actions are therefore immune from liability.

**NINTH AFFIRMATIVE DEFENSE**

Defendant has complied with all requirements of Federal and State law with respect to the transactions with the Plaintiff who brings suit against Defendant.

**TENTH AFFIRMATIVE DEFENSE**

The claims of the Plaintiff and putative class members fail because the class representative fails to fairly and adequately protect the interests of the class.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff and/or others alleged to be members of the putative class have sustained no cognizable injury or damages

**THIRTEENTH AFFIRMATIVE DEFENSE**

At the time of the alleged calls, Defendant had an established business relationship with Plaintiff within the meaning of 47 C.F.R. § 64.1200(f)(6). Accordingly, the text messages were exempt from the restrictions alleged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's class allegations fail to satisfy Rule 23(a)(2) and Rule 23(b)(3) because common questions of law or fact do not predominate over individual issues. Whether any putative class member consented to, invited, or requested calls; whether an established business relationship existed; and whether the number at issue was residential or otherwise protected under the statute all require individualized inquiries that preclude class certification.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are not typical of the putative class within the meaning of Rule 23(a)(3). Plaintiff's factual circumstances, including the nature of any alleged communications, consent provided, and relationship with Defendant, are unique and not representative of the alleged class members' circumstances.

**SIXTEETH AFFIRMATIVE DEFENSE**

Plaintiff cannot fairly and adequately protect the interests of absent class members as required by Rule 23(a)(4). Plaintiff's interests are not aligned with the putative class, and Plaintiff lacks the credibility, incentive, and ability to serve as an adequate class representative.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The proposed class is not ascertainable because there is no objective or administratively feasible way to determine the identity of each putative class member, including whether the alleged telephone numbers were residential, registered on the National Do Not Call Registry at the relevant times, or subject to consent or established business relationship exceptions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's class allegations fail to satisfy Rule 23(b)(3)'s superiority and manageability requirements. Individualized determinations regarding consent, established business relationships, and damages would overwhelm common issues, making a class action an inferior and unmanageable method of adjudication.

**NINETEENTH AFFIRMATIVE DEFENSE**

Certification of a nationwide class seeking statutory damages under 47 U.S.C. § 227(c)(5) would result in aggregated damages that are wholly disproportionate to any alleged harm and would violate Defendant's rights under the Due Process Clause of the United States Constitution. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580 (1996).

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiff, and/or any person he purports to represent, has suffered any damages as a result of the matters alleged in the Complaint, Plaintiff, and/or any person he purports to represent, has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Pursuant to Federal Rules of Civil Procedure, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and

therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**WHEREFORE,** Defendant prays for the following:

1. That Plaintiff takes nothing by way of his Complaint on file herein;

2. For reasonable attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as this Court may deem just and proper in the premises.

DATED: September 4, 2025

                **BENDAVID LAW**

                */s/ Jeffery A. Bendavid, Esq.*
                **JEFFERY A. BENDAVID, ESQ.**
                Nevada Bar No. 6220
                **CHRISTOPHER HANLEY, ESQ.**
                Nevada Bar No. 11391
                **JACQUELINE VOKOUN, ESQ.**
                Nevada Bar No. 16400
                7301 Peak Dr., Suite 150
                Las Vegas, Nevada 89128
                (702) 385-6114
                *Attorneys for Defendant*